COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| KENNETH REVEN McCLAIN, | | No. 08-09-00041-CV |
|  | § | |
| Appellant, | | Appeal from |
|  | § | |
| v. | | County Court at Law No. 2 |
|  | § | |
| JEFFREY K. TERRY, | | of Dallas County, Texas |
| WILL BUESCHEL, ET AL., | § | |
|  | | (TC # CC-08-09759-B) |
| Appellees. | § | |

**O P I N I O N**

This is a *pro se* inmate's appeal from a trial court's orders finding that Kenneth Reven McClain is not indigent and dismissing his lawsuit with prejudice. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

On November 12, 2008, Kenneth Reven McClain filed suit against Jeffrey K. Terry and Will Bueschel for personal injury and defamation pursuant to the Texas Civil Practice and Remedies Code. That same day, an *ex parte* application to proceed *in forma pauperis* signed by McClain was filed with the clerk. In his affidavit, McClain alleged that he has been incarcerated[1] for the last three years, is unemployed, and has no income.

> I further declare that the responses which I have made to questions and instructions below are true.
>
> 1. Have you received, within the past 12 months, any money from any of the following sources?

---

[1] McClain is an inmate at a federal prison facility in Kentucky.

| | |
|---|---|
| a. Business, profession or form of sel-employment? | No |
| b. Rent payments, interest or dividends? | No |
| c. Pensions, annuities or life insurance payments? | No |
| d. Gifts or inheritances? | [Unanswered] |
| e. Family of [sic] friends? | Yes |
| f. Any other sources? | No |

If you answered YES to any of the questions above describe each source of money and state the amount received from each during the past 12 months.

$2000

2. Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

Yes.

If you answered YES, state the total value of the items owned.

$800

3. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

No.

McClain signed the affidavit on November 2, 2008, and declared under penalty of perjury that the information was true and correct. John Warren, Clerk of the County Courts of Dallas County, filed a contest on November 13 pursuant to Rule 145 of the Texas Rules of Civil Procedure. A hearing was set for November 21 and McClain was notified via certified mail, return receipt requested. He did not appear and he does not contend that he sought a bench warrant or requested permission to participate in the hearing via video conference. Following the hearing, the trial court entered an order finding that "Kenneth Reven McClain is not indigent." That same date, the judge signed an order dismissing McClain's lawsuit with prejudice pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code.

**ISSUES FOR REVIEW**

McClain brings three issues for review. First, he contends that his affidavit did not contain any false claims or claims that he knew to be false. Second, he submits that his lawsuit had an arguable basis in law. Third, he alleges that the affidavit was filed accidently or mistakenly by his father. The procedural posture requires that we first determine whether McClain was indigent.

## STANDARD OF REVIEW

We review a trial court's determination of indigency status for an abuse of discretion. *Maddox v. Texas Dept. of Protective and Regulatory Services*, No. 08-02-00200-CV, 2003 WL 21716185, *1 (Tex.App.--El Paso July 25, 2003, no pet.)(not desig. for publication); *White v. Bayless,* 40 S.W.3d 574, 576 (Tex.App.--San Antonio 2001, pet. denied); *In re Smith,* 70 S.W.3d 167, 168 (Tex.App.--San Antonio 2001, no pet.). Similarly, we review a dismissal of an inmate's *in forma pauperis* suit under an abuse of discretion standard. *Thomas v. Skinner*, 54 S.W.3d 845, 846 (Tex.App.--Corpus Christi 2001, pet. denied). "A [party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Amador v. Tan,* 855 S.W.2d 131, 133 (Tex.App.--El Paso 1993, writ denied). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242, *citing Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex. 1984); *Amador,* 855 S.W.2d at 133. The fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 242, *citing*

*Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex. 1965). A mere error of judgment is not an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex. 1989).

## DETERMINATION OF INDIGENCY

A plaintiff may file an affidavit of indigency in lieu of paying court costs. TEX.R.CIV.P. 145. "A 'party who is unable to afford court costs' is defined as a person who is presently receiving a government entitlement based on indigency or any other person who has no ability to pay costs." TEX.R.CIV.P. 145(a). The affidavit must contain complete information as to the party's identity, the nature and amount of governmental entitlement income, nature and amount of employment income, other income (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. TEX.R.CIV.P. 145(b). A prisoner at a Texas Department of Criminal Justice who has no money or property is considered indigent. *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980). An inmate who has funds in his trust account is not indigent. TEX.CIV.PRAC.&REM.CODE ANN. § 14.006(b)(1)(Vernon 2002). The statute outlines a formula by which an inmate's trust funds can be utilized for payment of costs. *Id.*

A defendant or the court clerk may contest an affidavit by filing a written contest giving notice. TEX.R.CIV.P. 145(d). The court may conduct a hearing and if so, the inmate must be given notice. *Aguilar v. Stone*, 68 S.W.3d 1, 2 (Tex.App.--Houston [1st Dist.] 1997, orig. proceeding). The court may hold a hearing by video communications for an inmate at a jail facility[2] or consider the case on submission by requiring that written statements be submitted and copies be provided to the inmate. TEX.CIV.PRAC.&REM.CODE ANN. § 14.009.

We begin with McClain's argument that the affidavit did not contain false information. The

_____

[2] TEX.CIV.PRAC.&REM.CODE ANN. § 14.008(a).

clerk's record includes a certified trust fund statement from the prison in which McClain is incarcerated. He avers that the exhibit demonstrates that he actually had *more* money in his prison account than what he claimed in the affidavit. In short, he contends the trust statement proves that the affidavit correctly stated the monies available to him. He misstates the trial court's ruling. The trial court did not find that the affidavit falsely stated his financial situation. The court specifically found that McClain was not indigent. McClain has not attacked that finding on appeal or assigned error to the trial court's ruling. It is in this light that we review the trial court's dismissal order.

## DISMISSAL OF SUIT

Chapter 14 of the Texas Civil Practices and Remedies Code relates to inmate litigation. The court may dismiss an indigent inmate's suit even before process is served if the court finds:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a); *Pedraza v. Tibbs*, 826 S.W.2d 695, 698 (Tex.App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.). Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious. *Walker v. Gonzales County Sheriff's Dep't.,* 35 S.W.3d 157, 162 (Tex.App.--Corpus Christi 2000, pet. denied), *citing Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

A trial court does not abuse its discretion in dismissing a suit when the plaintiff makes a false allegation of poverty. *McCullough v. Dretke,* No. 02-07-00294-CV, 2008 WL 4180365, *3 (Tex.App.--Fort Worth Sept. 11, 2008, no pet.). There, McCullough alleged that he was indigent but stated in the affidavit that he received money from his family. He attached a copy of his trust

account showing a then-current balance of $103.92 and a six-month average balance of $184.92. McClain alleged he had $2,800. Because McClain's allegation of poverty was false, the court did not abuse its discretion in dismissing the suit. We overrule Issue One. Given our resolution of this issue, it is unnecessary for us to consider Issue Two in which McClain contends that his lawsuit had an arguable basis in law.

In Issue Three, McClain contends that his father mistakenly filed the affidavit in this lawsuit rather than in a suit pending in the Supreme Court on writ of certiorari. We recite his argument in its entirety:

> It needs to be noted that Appellant's 11/12/08 [sic] filed in forma pauperis affidavit, that didn't contain false claims or claims in which inmate knew were false, was actually filed by mistake and accident.
>
> Appellant's dad was given instructions to file in forma pauperis paperwork with the petition. But that request was actually in relation to a 12/14/08 Supreme Court Petition for Writ of Certiorari, case no. 08-7797, and not in regards to this civil lawsuit that was being filed on 11/12/08.
>
> Appellant also considers himself not responsible for having filed the in forma pauperis affidavit, even though there is no false information contained in it, as: 1) Appellant didn't know in forma pauperis paperwork was being filed, 2) Appellant would have mailed himself, in forma pauperis paperwork directly from prison and not have a third party file it, 3) finally Appellant believed that the lawsuit was going to be initially paid for and therefore not filed in forma pauperis.
>
> Due to the fact that the in forma pauperis application was filed by mistake and by accident, and because it contained no false statements and/or false statements that inmate knew were false, it is asked that the ruling the judge made on 11/21/08 be reversed, and this lawsuit allowed to commence forward.

The clerk's record contains an unsworn and unverified statement by Thomas McClain concerning his mistake. There is no indication that he appeared at the hearing, and the statement is dated December 5, 2008, fourteen days after the hearing.

In his motion to reinstate, Appellant vigorously argued that, "I DID NOT KNOW THIS

PAPERWORK WAS BEING FILED!!!" We find three points to be significant. First, the original petition was filed without payment of costs. Second, upon receiving notice that the clerk contested his indigency, McClain did not ensure that costs were paid. Third, in his motion to reinstate, McClain never offered to tender costs. Indeed, he unsuccessfully sought leave to proceed *in forma pauperis* on appeal. His affidavit with the appellate court clerk reflects gifts of $2,400 within the past twelve months. He lists his monthly income at $200 and cash on hand of less than $1,000. The certified trust account still shows an available balance of $1,064.45. Regardless of whether McClain intended the affidavit to be filed in this litigation, the trial court acted well within its discretion in disbelieving his protests. We overrule Issue Three and affirm the judgment of the trial court.

April 22, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.