NO. 12-10-00149-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RAFAEL GURRUSQUIETA VEGA,         §                      APPEAL
FROM THE 87TH

APPELLANT

 

V.                                            

                                                                        §                      JUDICIAL
DISTRICT COURT 

TEXAS DEPARTMENT OF
CRIMINAL

JUSTICE–CORRECTIONAL

INSTITUTIONS DIVISION

AND L. CLAY,

APPELLEES                                                 §                      ANDERSONCOUNTY,
TEXAS







MEMORANDUM
OPINION

Rafael
Gurrusquieta Vega, an inmate in the Texas Department of Criminal
Justice-Institutional Division (TDCJ), proceeding pro se, filed an in
forma pauperis suit against TDCJ and correctional officer L. Clay
(collectively Appellees).  Vega now appeals the trial court’s dismissal of his
suit.  Vega raises three issues on appeal.  We affirm.

 

Background

Vega
is an inmate.  While incarcerated, Vega filed a civil suit against Appellees
alleging that they are liable in tort for injuries he sustained when a flat bed
trailer on which Vega was being transported to a work detail overturned.  By
his suit, Vega sought recovery of compensatory and exemplary damages from
Appellees for their negligence and gross negligence as well as damages for the
violation of his constitutional rights.  

On
March 18, 2010, without conducting a hearing, the trial court found that, among
other things, Vega’s suit was “frivolous or malicious” and dismissed it without
prejudice.  This appeal followed.

 

 

Dismissal Pursuant to Texas Civil Practice and
Remedies Code Chapter 14

In
his second issue, Vega argues that the trial court improperly dismissed his
suit pursuant to Texas Civil Practice and Remedies Code, Section 14.003.  We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).   The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).  

In
the instant case, the trial court found that Vega’s claim is “frivolous or
malicious.”  However, we will affirm a dismissal if it was proper under any
legal theory.  See Johnson v. Lynaugh, 796 S.W.2d
705, 706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810
(Tex. App.–Waco 1991, writ denied).

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[1]
Tex. Civ. Prac. & Rem. Code Ann. §
14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.  Texas Rule
of Civil Procedure 145 sets forth the requirements of an affidavit on indigency
as follows:

 

(a)           Affidavit.  In lieu of paying or
giving security for costs of an original action, a party who is unable to
afford costs must file an affidavit as herein described.  A “party who is
unable to afford costs” is defined as a person who is presently receiving a
governmental entitlement based on indigency or any other person who has no
ability to pay costs.

 

….

 

(b)           Contents of Affidavit.  The
affidavit must contain complete information as to the party’s identity, nature
and amount of governmental entitlement income, nature and amount of employment
income, other income, (interest, dividends, etc.), spouse’s income if available
to the party, property owned (other than homestead), cash or checking account,
dependents, debts, and monthly expenses. The affidavit shall contain the
following statements:  “I am unable to pay the court costs.  I verify that the
statements made in this affidavit are true and correct.”

 

 

Tex. R. Civ. P. 145(a), (b) (emphasis
added).  To enable the court to determine whether an inmate is indigent,
Sections 14.004(c) and 14.006(f) require the inmate to file a certified
copy of his inmate trust account statement that “reflect[s] the balance of the
account at the time the claim is filed and activity in the account during the
six months preceding the date on which the claim is filed.”  Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(c), 14.006(f) (Vernon 2002).  Section 14.003 provides that a trial court
may dismiss a claim before or after service of process if the court finds that
the inmate’s allegation of poverty in the affidavit or unsworn declaration is
false.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(1) (Vernon 2002).  

Generally,
the test for determining entitlement to proceed in forma pauperis is
whether the preponderance of the evidence shows that the appellant would be
unable to pay the costs of his suit if he wanted to and made a good faith
effort to do so.  See Griffin Indus. v. Thirteenth Court of Appeals,
934 S.W.2d 349, 351 (Tex. 1996).  A prisoner at a Texas Department of Criminal
Justice facility who has no money or property is considered indigent.  McClain
v. Terry, 320 S.W.3d 394, 397 (Tex. App.–El Paso 2010, no pet.) (citing
Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980)).  However,
“[a]n inmate who has funds in his trust account is not indigent.”  Terry,
320 S.W.3d at 397 (citing Tex. Civ.
Prac. & Rem. Code Ann. § 14.006(b)(1)).  The statute outlines a
formula by which an inmate’s trust funds can be utilized for payment of costs. 
Terry, 320 S.W.3d at 397 (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.006(b)(1)). 

In
the case at hand, in his sworn declaration of inability to pay costs, Vega
stated, in pertinent part, as follows:  “[D]ue to my poverty, I am unable to
pay in advance the filing fee for [these] proceedings or to give security for
the filing fee, or costs thereof.”[2] 
As required, Vega also filed a certified copy of his inmate trust account
statement.  At the time the trust account statement was prepared, Vega had a
balance of $118.70, and the average monthly balance in the six month period
preceding his suit was $172.02.  Further, the average amount deposited each
month in the preceding six months was $88.30.  Moreover, in the six months
preceding the filing of his lawsuit, $530.00 had been deposited in Vega’s
account, $220.00 of which had been deposited in the three month period prior to
the date Vega filed suit.  

In
sum, because Vega had funds in his inmate trust account, he is not considered
indigent, and his allegation of poverty was, therefore, false.  See Terry,
320 S.W.3d at 397; see also Foster v. Comal Cnty. Sheriff,
No. 03-08-00539-CV, 2009 WL 2476652, at *2 (Tex. App.–Austin Aug. 13, 2009, no
pet.) (mem. op.) (citing Tex. R. Civ. P.
145(a) (defining “party who is unable to afford costs” as “a person who is
presently receiving a governmental entitlement based on indigency . . . who has
no ability to pay costs” (emphasis added)); Tex. Gov’t Code Ann. § 501.014(e)(4) (Vernon Supp. 2010)
(authorizing withdrawal of money from inmate trust accounts “as payment in full
for all orders for court fees and costs”)).  Accordingly, we hold that the
trial court did not abuse its discretion in dismissing Vega’s suit because Vega
made a false allegation of poverty in his declaration of inability to pay
costs.  See  Tex. Civ. Prac.
& Rem. Code Ann. §14.003(a)(1); McClain, 320 S.W.3d at
398.   Vega’s second issue is overruled.[3]  

 

Collection of Costs

            In
his third issue, Vega argues that the trial court erred and abused its
discretion when the District Clerk of Anderson County, Texas issued a bill of
costs and the court entered an order for the collection of court fees and costs
in the sum of $244.00 for expenses that were not incurred by him and could not
be assessed under applicable state law.  Rather, according to Vega, the only
costs he could have incurred in connection with the filing of his suit were the
district clerk filing fee of $50.00, $10.00 for records management and
preservation fees, and $15.00 for the court reporter fee. 

First,
the language of the trial court’s collection order tracked the payment schedule
as required by Chapter Fourteen.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.006.  Next, with regard to the fees
themselves, the Office of Court Administration has compiled an itemized list of
all filing fees that may be charged to litigants by the district clerk for
2010, the year in which Vega filed suit.[4] 
That list contains a description of all fees, the amounts to be charged, and
the statutory source law authorizing each fee.  Vega cites only some of the
sections authorizing the collection of fees by the district clerk in lodging
his fee complaint.  See Tex.
Gov’t Code Ann. §§ 51.317 (Vernon Supp. 2010) (filing fees and record
management fee), 51.601 (Vernon Supp. 2010) (court reporter fee).  However,
Vega ignored other fees that the district clerk could collect in connection
with the filing of a civil suit such as his.  See, e.g., Tex. Gov’t Code Ann. §§ 22.2131
(Vernon Supp. 2010) (appellate judicial system fee), 51.305 (Vernon Supp. 2010)
(district court records archive fee), 51.708 (court records preservation fee)
(Vernon Supp. 2010); Tex. Loc. Gov’t
Code Ann. §§ 133.151 (Vernon 2008) (consolidated state fee), 133.154
(Vernon 2008) (judicial support fee), 291.008 (Vernon 2005) (courthouse
security fee), 323.023 (Vernon 2005) (law library fee).

Vega
also complains of a sheriff’s jury fee assessed against him in the amount of
$22.00.  The Texas Constitution establishes the commissioners’ court as the
governing body of the county.  Tex.
Const. art. V, § 18.  Thus, the commissioners’ court of a county can set
a reasonable fee for services provided by sheriffs.  See Tex. Loc. Gov’t. Code Ann. §
118.131(a) (Vernon 2008); see also Harris Cnty. v. Proler, 29
S.W.3d 646, 648 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  The
commissioners’ court must provide written notice of the amounts of the fees to
the Texas Comptroller of Public Accounts.  See id. § 118.131(f). 
The comptroller’s office is then required to compile a list of fees charged by
Texas sheriffs in discharging their duties as set by the commissioners’ court
of the relevant county.  See id.  For the Anderson County
Sheriff’s Office in 2010, the applicable $22.00 fee is a “Sheriff’s Jury Fee.”[5] 
Vega failed to show that the district clerk and sheriff’s office’s fees were
unauthorized by state law. 

Vega’s
third issue is overruled.

 

Disposition

We
have overruled Vega’s second and third issues and have declined to consider his
first issue.  Having done so, we affirm the trial court’s
judgment.

 

James T.
Worthen

                                                                              
                           Chief Justice

 

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)

 









[1] Chapter 14 does not apply to suits brought under the
Family Code.  Tex. Civ. Prac. & Rem.
Code Ann. § 14.002(b) (Vernon 2002).





[2] Vega later stated in his
declaration that he had received money from friends and family to purchase
materials from the prison commissary. 





 

[3] Because we have  overruled Vega’s
second issue, we do not consider his first issue pertaining to the trial
court’s finding that he failed to timely file his suit pursuant to the
requirements of Texas Civil Practice and Remedies Code, Section 14.005.  See
Tex. R. App. P. 47.1.

 





[4] See http://www.courts.state.tx.us/oca/pdf/DistrictClerkCivilFilingFees2010.pdf.

 





[5]See http://www.texasahead.org/lga/sheriffs/sher10/2010S&CFeeManual.pdf.