# NO. 12-12-00091-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSE PAUL SKINNER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS DEPARTMENT OF CRIMINAL*<br>*JUSTICE CORRECTIONAL*<br>*INSTITUTIONAL DIVISION,*<br>*ANGELA BRICE, AND JEREMY LARUE,*<br>*APPELLEES* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jesse Paul Skinner, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), proceeding pro se, appeals the dismissal of his *in forma pauperis* suit against TDCJ and TDCJ employees Angela Brice and Jeremy Larue (collectively Appellees). Skinner raises two issues on appeal. We affirm.

### BACKGROUND

Skinner is an inmate. While incarcerated, Skinner filed a civil suit against Appellees alleging that they are liable in tort for injuries he sustained when, despite his medical work restriction, he was ordered by Brice and Larue to push a cart on which rested two fifty-five gallon drums full of water. By his suit, Skinner sought recovery of compensatory damages from Appellees for their negligence.

On January 30, 2012, without conducting a hearing, the trial court found that Skinner's suit was "frivolous or malicious" and dismissed it without prejudice. This appeal followed.

## DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14

In his first issue, Skinner argues that the trial court improperly dismissed his suit pursuant to Texas Civil Practice and Remedies Code, Section 14.003. We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See **Montana v. Patterson***, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

In the instant case, the trial found that Skinner's claim is "frivolous or malicious." However, we will affirm a trial court's dismissal under Chapter 14 if it was proper under any legal theory. *See **Johnson v. Lynaugh***, 796 S.W.2d 705, 706–07 (Tex. 1990); ***Birdo v. Ament***, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012); ***Hickson***, 926 S.W.2d at 398. Texas Rule of Civil Procedure 145 sets forth the requirements of an affidavit on indigency as follows:

> (a)      *Affidavit.* In lieu of paying or giving security for costs of an original action, a party who is unable to afford costs must file an affidavit as herein described. A "party who is unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has <u>no</u> ability to pay costs . . . .
>
> (b)      *Contents of Affidavit.* The affidavit must contain complete information as to the party's identity, nature and amount of governmental entitlement income, nature and amount of employment income, other income, (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. The affidavit shall contain the following statements: "I am unable to pay the court costs. I verify that the statements made in this affidavit are true and correct." . . . .

---

[1] Chapter 14 does not apply to suits brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (West Supp. 2012).

TEX. R. CIV. P. 145(a), (b) (emphasis added). To enable the court to determine whether an inmate is indigent, Sections 14.004(c) and 14.006(f) require the inmate to file a certified copy of his inmate trust account statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f) (West 2002 & Supp. 2012). Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the inmate's allegation of poverty in the affidavit or unsworn declaration is false. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1) (West 2002).

Generally, the test for determining entitlement to proceed *in forma pauperis* is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of his suit if he wanted to and made a good faith effort to do so. *See **Griffin Indus. v. Thirteenth Court of Appeals***, 934 S.W.2d 349, 351 (Tex. 1996). A prisoner at a Texas Department of Criminal Justice facility who has no money or property is considered indigent. ***McClain v. Terry***, 320 S.W.3d 394, 397 (Tex. App.–El Paso 2010, no pet.) (citing ***Allred v. Lowry***, 597 S.W.2d 353, 355 (Tex. 1980)). However, "[a]n inmate who has funds in his trust account is not indigent." ***Terry***, 320 S.W.3d at 397 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1)). The statute outlines a formula by which an inmate's trust funds can be utilized for payment of costs. ***Terry***, 320 S.W.3d at 397 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1)).

In the case at hand, in his sworn declaration of inability to pay costs, Skinner stated, in pertinent part, as follows: "I am unable to pay the court cost at this time because I am indigent and incarcerated."[2] As required, Skinner also filed a certified copy of his inmate trust account statement. At the time the trust account statement was prepared, Skinner had a balance of $90.00, and the average monthly balance in the six month period preceding his suit was $21.36. Further, the average amount deposited each month in the preceding six months was $73.33. Moreover, in the six months preceding the filing of his lawsuit, $440.00 had been deposited in Skinner's account, $210.00 of which had been deposited in the three month period prior to the date Skinner filed suit.

---

[2] Skinner earlier stated in his declaration that he had "another source of income" sent to him by family and a friend that amounted to $70 per month. Skinner further set forth that he had $90 in his prison trust account, but that he had monthly expenses in the amount of $90 for court fees, medical fees, personal hygiene, and postage to communicate with family. Skinner also stated that he has received an average of $440 in the past six months.

In sum, because Skinner had funds in his inmate trust account, he is not considered indigent, and therefore his allegation of indigency was false. *See Terry*, 320 S.W.3d at 397; *see also Foster v. Comal Cnty. Sheriff*, No. 03-08-00539-CV, 2009 WL 2476652, at *2 (Tex. App.–Austin Aug. 13, 2009, no pet.) (mem. op.) (citing TEX. R. CIV. P. 145(a) (defining "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigency or any other person who has *no ability* to pay costs" (emphasis added)); *see also* TEX. GOV'T CODE ANN. § 501.014(e)(4) (West 2012) (authorizing withdrawal of money from inmate trust accounts "as payment in full for all orders for court fees and costs"). Accordingly, we hold that the trial court did not abuse its discretion in dismissing Skinner's suit because Skinner made a false allegation of indigency in his declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1); *McClain*, 320 S.W.3d at 398. Skinner's first issue is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his second issue, Skinner contends that the trial court erred in failing to issue findings of fact and conclusions of law following his request for them.

In any nonjury case tried in a district or county court, a party may file a request for the trial court to issue written findings of fact and conclusions of law, so long as the request is filed within twenty days after the judgment is signed. *See* TEX. R. CIV. P. 296. Additionally, the trial court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. TEX. R. CIV. P. 297.

However, the trial court has no duty to file findings of fact or conclusions of law where there has been no trial or evidentiary hearing. *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no pet.). This rule has been applied to indigent pro se inmate suits under Chapter Fourteen. *Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 WL 597148, at *1 (Tex. App.–Tyler Feb. 16, 2011, no pet.) (mem. op., not designated for publication); *see Teague v. Livingston*, No. 01–10–00075–CV, 2010 WL 4056853, at *2 (Tex. App.–Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op., not designated for publication). Here, the trial court dismissed Skinner's case without a trial and without holding an evidentiary hearing. Therefore, the court was not required to file findings of fact and conclusions of law. *Addicks*, 2011 WL

4

597148, at *2.  Accordingly, we hold that the trial court did not err in denying Skinner's request for findings of fact and conclusions of law.  Skinner's second issue is overruled.

## DISPOSITION

Having overruled Skinner's first and second issues, we *affirm* the trial court's judgment. All pending motions are overruled as moot.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 13, 2013**

**NO. 12-12-00091-CV**

**JESSE PAUL SKINNER,**
Appellant
V.
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL
INSTITUTIONAL DIVISION, ANGELA BRICE, AND JEREMY LARUE,**
Appellees

---

Appeal from the 3rd Judicial District Court
of Houston County, Texas. (Tr.Ct.No. 12-0033)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, that all pending motions are overruled as moot, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*