

NUMBER 13-12-00766-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MICHAEL McGOLDRICK,** **TDCJ # 1410959,** | **Appellant,** |
| **v.** | |
| **TRINA VELASQUEZ, ET AL.,** | **Appellees.** |

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria
Memorandum Opinion by Justice Benavides**

In this inmate litigation appeal, appellant Michael McGoldrick challenges the trial

court's dismissal of his suit in one issue. We affirm.

## I.    BACKGROUND

McGoldrick is a prisoner at the McConnell Unit in Beeville, Texas.    Acting pro se, McGoldrick filed suit against officers of the Texas Department of Criminal Justice for: (1) official oppression; (2) retaliation; (3) conspiracy to commit theft; and (4) theft of property.    Additionally, McGoldrick filed a Declaration of Inability to Pay Court Costs and requested leave from the trial court to proceed *in forma pauperis.*    Prior to service of the named defendants, the trial court ordered the Texas Attorney General's Office to file an *amicus curiae* advisory regarding whether McGoldrick had complied with the relevant provisions under chapter 14 of the Texas Civil Practice and Remedies Code.

The Attorney General's Office filed an advisory in the trial court which asserted that McGoldrick:   (1) made a false allegation of poverty; (2) failed to comply with the requirements set forth in section 14.005(a)(1) of the civil practice and remedies code; and (3) made frivolous claims.   On November 26, 2012, the trial court dismissed McGoldrick's claims.    This appeal ensued.

## II.    ANALYSIS

By one issue, McGoldrick asserts that the trial court erred by dismissing his lawsuit.

### A. Standard of Review and Applicable Law

We review a dismissal order under chapter 14 of the civil practice and remedies code for an abuse of discretion.   *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no pet.).   A trial court abuses its discretion when it acts arbitrarily,

2

unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Ops., Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Under chapter 14, a trial court may dismiss a claim filed by an inmate, either before or after service of process, if it finds:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West 2002). Finally, because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious. *See Walker v. Gonzales County Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied).

**B. Discussion**

We first examine whether the trial court abused its discretion for dismissing McGoldrick's claims under section 14.003(a)(1). McGoldrick filed an unsworn declaration of inability to pay court costs. In the declaration, McGoldrick asserted that he received "$50.00 per month as gifts from relatives and friends." McGoldrick also filed a certified copy of his inmate trust account, which shows the following monthly deposits:

- July 2011: $153.00

- August 2011: $50.42

- September 2011: $50.00

- October 2011: $50.00

3

- November 2011: $50.00

- December 2011: $100.00

McGoldrick's average balance between July 2011 and December 2011 was $36.18 and his total deposits over the last six months equaled $453.42. The account also shows that McGoldrick held balances over the last six months of $50.13 to $100.00. Accordingly, because McGoldrick's allegation of poverty was false, and the trial court had sufficient evidence to support this ruling, we conclude that the trial court did not abuse its discretion in dismissing McGoldrick's lawsuit. *See McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no writ) ("A prisoner . . . who has no money or property is considered indigent . . . . [While] an inmate who has funds in his trust account is not indigent."); *see also McCullough v. Dretke*, No. 02-07-294-CV, 2008 WL 4180365, at *3 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.). McGoldrick's sole issue is overruled.

### III.    CONCLUSION

We affirm the trial court's order of dismissal.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of July, 2013.

4