

# NUMBER 13-13-00512-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARVIN WADDLETON III**
**TDCJ # 1355746,**                                                      **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE, ET AL.,**                                                      **Appellees.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Marvin Waddleton, appeals the trial court's order dismissing his pro se,

in forma pauperis suit based upon findings that the suit was frivolous for failing to comply

with Chapter 14 of the Texas Civil Practice & Remedies Code.   By four issues, appellant

claims the trial court erred in finding the suit was frivolous.   We affirm.

## I. BACKGROUND

Appellant is an inmate in the custody of the Texas Department of Criminal Justice, Institutional Division ("TDCJ"). Appellant brought suit against appellees TDCJ, TDCJ director Rick Thaler, and Linda Rickey, Carol Monroe, Larissa Wysocki, Victor McClune, Farrah Taylor, and Yolanda Martin, in their individual and official capacities, alleging that they stole or misplaced certain property items. Appellant subsequently filed an unsworn declaration of his inability to pay costs and included a six-month history of his inmate trust account.[1] Without a hearing, the trial court dismissed appellant's suit without prejudice as frivolous for failing to comply with chapter 14 of the Texas Civil Practice & Remedies Code. Appellant contests the dismissal of his lawsuit and asserts his compliance with chapter 14's provisions.

## II. APPLICABLE LAW

Chapter 14 of the Texas Civil Practice & Remedies Code includes special procedures to be used in inmate litigation when an inmate files an unsworn declaration of inability to pay costs.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001 (West, Westlaw through Ch. 46 2015 R.S.). Specifically, Chapter 14 requires indigent inmates to file an unsworn declaration related to their previous filings, to exhaust their administrative remedies, and to file suit within thirty-one days after a decision is rendered on their grievance. *See id.* §§ 14.004, 14.005(a), (b) (West, Westlaw through Ch. 46 2015 R.S.);

---

[1] Appellant's inmate trust account history reflected a six-month average balance of $216.91.

[2] This does not include lawsuits brought under the Texas Family Code.

*Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Section 14.005(a)(1) states that:

> an inmate who files a claim that is subject to the grievance system established by Section 501.008, Government Code[3], shall file with the court: (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision described by Section 501.008, Government Code, was received by the inmate; and (2) a copy of the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1). This requirement enables the trial court to determine whether an inmate's suit was timely filed. *Comeaux v. TDCJ*, No. 14-02-01283-CV, 2005 WL 2978891, at *2 (Tex. App.—Houston [14th Dist.] Nov. 8, 2005, no pet.) (mem. op.) (not designated for publication). When an inmate fails to file the required affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate, and in the absence of any indication that the inmate did not receive the final decision in a timely manner, a trial court may properly conclude that the suit was filed after the thirty-one day timeframe has elapsed. *See Amir-Sharif v. Zeller*, No. 07-10-0244-CV, 2011 WL 691378, at *1 (Tex. App.—Amarillo Feb. 28, 2011, pet. denied) (mem. op., not designated for publication) (citing *Wolf v. TDCJ*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied)).

Section 14.005(b) states that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision

---

[3] Section 501.008 of the Government Code provides that the department shall develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department or under contract with the department. *See* TEX. GOV'T CODE ANN. § 501.008 (West, Westlaw through Ch. 46 2015 R.S.).

from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). "A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice." *Simmonds v. Harrison*, 387 S.W.3d 812, 814–15 (Tex. App.—Eastland 2012, no pet.) (citing *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).

Further, a trial court may dismiss a claim if the court finds that the allegation of poverty in the affidavit or unsworn declaration is false. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1). A party who is unable to afford costs is defined as a person who has no ability to pay costs. TEX. R. CIV. P. 145(a). An inmate does not qualify as indigent when he has money in his inmate trust fund account. *See Donaldson v. TDCJ*, 355 S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied) ("Since [plaintiff] had funds in his inmate trust account, he is not indigent for Chapter 14 purposes, and his allegation of poverty was false.").

## III. STANDARD OF REVIEW

The standard of review of the dismissal of a lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs is whether the trial court abused its discretion. *Jackson*, 28 S.W.3d at 813; *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex. App.—Dallas 1999, pet. denied); *McCollum v. Mt. Ararat Baptist Church, Inc.*, 980 S.W.2d 535, 536 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no pet.). To establish abuse of discretion, the complaining party must show the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d

4

439, 443 (Tex. 1984). Abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *McCollum*, 980 S.W.2d at 536–37.

## IV. DISCUSSION

The record shows that a final determination regarding appellant's grievance was made on January 28, 2013. Although appellant filed an unsworn declaration[4] reciting the outcomes of the respective grievance steps on May 9, 2013, he did not state in the declaration when he received a written response to his final grievance. Instead, appellant generally asserts in his brief that he did not receive this written response until "the 15th or 18th of February 2013."

Section 14.005(a)(1) requires appellant to provide the trial judge with specific grievance dates at the outset of litigation via an affidavit or unsworn declaration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1). Appellant's failure to comply with the procedural requirements left the trial judge without the ability to determine whether the suit was timely filed under section 14.005(a)(1). This procedural non-compliance warranted dismissal of appellant's case. *See Hatcher v. TDCJ-Inst. Div.*, 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied) (trial court did not abuse its discretion in dismissing the inmate's case after the inmate failed to provide an effective affidavit concerning grievance determination and receipt dates); *see also Brown v. Talley*, No. 08-02-00397-CV, 2003 WL 22283271, at *1 (Tex. App.—El Paso Oct. 2, 2003, no pet.) (mem.

---

[4] Section 132.001 of the Texas Civil Practice and Remedies Code describes the requirements of an unsworn declaration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West, Westlaw through Ch. 46 2015 R.S.).

op., not designated for publication) ("Having failed to file the requisite affidavit, appellant failed to establish that he has exhausted his administrative remedies."). Since appellant did not file an affidavit informing the trial judge when he received his final grievance determination, the trial court could reasonable conclude that appellant did not exhaust his administrative remedies.

Appellant's petition was also untimely filed. Appellant's original petition states that it was "[e]xecuted on this 12th day of March 2013." The district clerk's record, however, shows that it was not file-marked until April 4, 2013. Appellant argues in his brief that he filed his petition on March 12, 2013, thereby suggesting that there was a delay between his mailing of the petition and its filing. However, nothing in the record indicates when he mailed or otherwise delivered his petition to the prison authorities. *Compare Warner v. Glass,* 135 S.W.3d 681, 684 (Tex. 2004) (holding that an inmate's claim is deemed filed at the time prison authorities duly receive the document to be mailed) *with Brooks v. TDJC-ID*, No. 13-04-320-CV, 2005 WL 1797071, at *2 (Tex. App.— Corpus Christi Jul. 28, 2005, no pet.) (mem. op., not designated for publication) (finding that because the record contained no evidence that appellant's claim was timely received by the proper prison authority, the date of filing was when stamped by district clerk). Given that April 4, 2013 was more than 31 days after February 18, 2013, the trial court was required to dismiss the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Randle v. Wilson*, 26 S.W.3d 513, 515 (Tex. App.—Amarillo 2000, no pet.).

Lastly, appellant's inmate trust account statement reflects that his average monthly balance in the six-month period preceding his lawsuit was $237.58 and there was a trust

balance of $251.90 as of March 13, 2013. Appellant also stated that he had $5,000 worth of property in the form of two automobiles. Given these facts, appellant could not purport to be without any ability to pay costs. *See Donaldson,* 355 S.W.3d at 725 (holding that inmate plaintiff had submitted a false allegation of poverty when he had a trust fund balance of $233.75 at the time his petition was filed and an average monthly balance of $63.42 in the six-month period preceding his lawsuit); *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.) ("An inmate who has funds in his trust account is not indigent."). Since appellant had funds in his trust account, his unsworn declaration of his inability to pay costs was false. The trial court did not abuse its discretion in dismissing appellant's suit when he made a false allegation of poverty. *See McClain*, 320 S.W.3d at 398.

We conclude that appellant failed to comply with the procedural requirements of chapter 14 by failing to exhaust his administrative remedies, failing to timely file his suit, and filing a false allegation of poverty. Therefore, the trial court did not abuse its discretion in dismissing appellant's suit. Accordingly, appellant's issues are overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
30th day of July, 2015.

7