

# NUMBER 13-17-00582-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ADRIAN LEE,                                                                        Appellant,

v.

TDCJ-CID, ET AL.,                                                                 Appellees.

### On appeal from the 36th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By one issue, appellant Adrian Lee alleges the trial court abused its discretion by dismissing his complaint against appellee Texas Department of Criminal Justice (TDCJ–ID). Lee filed suit alleging multiple violations of his rights while incarcerated including Equal Protection violations, violation of due process, common law fraud, breach of contract, and the enforcement of disciplinary rules in an arbitrary and capricious manner. We affirm.

## I.    BACKGROUND

Lee is currently incarcerated in the McConnell Unit of TDCJ-ID in Beeville. Lee filed suit *pro se* under chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–14.010 (West, Westlaw through 2017 1st C.S.). In his petition, Lee claims he was given a false disciplinary case number for attempting to establish a relationship. Lee states he was found guilty of a lesser included offense and disciplined accordingly.[1] Lee also claims he entered into a contract when he signed his disciplinary forms and TDCJ–ID breached that contract by failing to follow rules, policy, and directives contained within the disciplinary handbook.

On July 25, 2017, the Office of the Attorney General (OAG) filed an amended *amicus curiae* advisory brief recommending Lee's claims be dismissed for failure to comply with the requirements under Chapter Fourteen of the Texas Civil Practice and Remedies Code. *See id.* The OAG recommended three grounds for dismissal under chapter 14. *See id.* First, the OAG alleged that Lee was not indigent and his affidavit of poverty was false. Second, the OAG alleged that Lee had failed to exhaust all administrative remedies. Lee's Step 2 grievance was overruled and signed on April 11, 2017, and Lee did not file suit until May 15, 2017, outside the thirty-one-day period required by chapter 14. *See id.* 14.005(b) ("A Court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."); *see also Wallace v. TDCJ-ID*, 36 S.W.3d 607, 610–11 (Tex. App.—Houston [1st Dist.]

---

[1] In Lee's petition, he states he was: (1) given a more restrictive environment; (2) given a custody level of extreme; (3) denied a fair and impartial hearing by defendants by them denying witnesses; (4) denied pre-hearing due process requirements when he was charged with a new offense; (5) denied a fair and impartial hearing when given a lesser included offense; (6) denied post hearing procedural safeguards when TDCJ–ID failed to allow him to review the hearing tapes; and was (7) denied a fair and impartial hearing when TDCJ–ID applied disciplinary rules against him in an unfair, arbitrary, and capricious manner.

2000, pet. denied). Third, the OAG alleged that Lee's claims were frivolous. Lee alleged changes in his conditions within the prison system, and the OAG stated that changes in conditions do not implicate due process. *See Hamilton v. Williams*, 298 S.W.3d 334, 341 (Tex. App.—Fort Worth 2009, pet. denied). The trial court dismissed Lee's cause of action with prejudice and found Lee was not indigent. This appeal followed.

## II. DISMISSAL OF CLAIM

By his sole issue, Lee argues that the trial court abused its discretion in dismissing his claims pursuant to chapter fourteen of the Texas Civil Practice and Remedies Code. *See id.*

### A. Standard of Review

We review a dismissal of an inmate's lawsuit *in forma pauperis* under chapter fourteen of the civil practice and remedies code for abuse of discretion. *See Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2005, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

"Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs." *Douglas v. Moffett*, 418 S.W.3d 336, 338 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Id.* at 339 (quoting *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.).

The determination of whether a claim has an arguable basis in law "is a legal question to be reviewed *de novo*." *Burnett v. Sharp*, 328 S.W.3d 594, 600 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1993). "A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory." *Burnett*, 328 S.W.3d at 600. We will affirm the dismissal if it was proper under any legal theory. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

Here, the trial court dismissed Lee's claims with prejudice with a finding that Lee was not indigent. "A dismissal with prejudice operates as if the case had been fully tried and decided." *Id.* at 810. When reviewing whether the trial court abused its discretion by dismissing claims with prejudice under chapter 14, this Court should consider whether the inmate's error could be remedied with more specific pleading; if so, a dismissal under chapter 14 is improper. *Id.*

## B.    Applicable Law and Discussion

"The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits." *See id.* at 809. "Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit." *Id.*

### 1.    Affidavit of Indigency

Section 14.002 states that:

This chapter applies only to an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or

4

the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.

TEX. CIV. PRAC. & REM. CODE § 14.002(a).

"A plaintiff may file an affidavit of indigency in lieu of paying costs." *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.) (citing TEX. R. CIV. P. 145). The affidavit must contain complete information as to the party's identity, the nature and amount of governmental entitlement income, nature and amount of employment income, other income (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. TEX. R. CIV. P. 124(b). "A prisoner at a Texas Department of Criminal Justice [facility] who has no money or property is considered indigent." *McClain*, 320 S.W.3d at 397; *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980). However, "an inmate who has funds in his trust account is not indigent." *McClain*, 320 S.W.3d at 397. Texas Civil Practice and Remedies Code section 14.006 outlines a formula by which an inmate's trust funds can be utilized for payment of court costs.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006 (West, Westlaw through 2017 1st C.S.).

Although Lee filed his "Declaration of Inability to Pay Court Costs" on May 16, 2017, stating he was indigent, he did not include the required printout of his trust account balance. However, on July 5, 2017, Lee filed an "Inmate Trust Account Statement" with the District Clerk's Office. The filed statement shows that from November 2016 through

---

[2] The trial court may order an inmate to pay court fees, costs, and other costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (West, Westlaw through 2017 1st C.S.). The formula considers an amount equal to the lesser of either 20 percent of the last six months of deposits in the inmate's trust account or the total amount ordered. *See id.*(b). The following month, the amount drops to ten percent of that month's deposits in the trust account or the total unpaid balance. *See id.*(c). This formula continues until the inmate is released from confinement. *See id.*(d).

April 2017, Lee had funds in his inmate trust account.  Since he had money available in his trust account, Lee is not considered indigent.  *See McClain*, 320 S.W.3d at 397.  The trial court properly dismissed Lee's claim based on the fact his affidavit of indigency was untrue.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.  We overrule Lee's sole issue.[3]

### III.    CONCLUSION

We affirm the trial court's dismissal of Lee's claim.

GINA M. BENAVIDES,
Justice

Delivered and filed the
12th day of July, 2018.

---

[3] Even if Lee could correct any defect in his filing, we find the trial court properly dismissed his suit with prejudice.  *See* TEX. CIV. PRAC. & REM. CODE ANN.§ 14.003(a).  Lee's allegations were frivolous and had no arguable basis in law.  *See id.*; *see also Burnett v. Sharp*, 328 S.W.3d 594, 600 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (describing what qualifies as "no arguable basis in law").  Lee's arguments centered around changes in his conditions within the prison and therefore do not implicate a due process challenge.  *See Hamilton v. Williams*, 298 S.W.3d 334, 341 (Tex. App.—Fort Worth 2009, pet. denied).

6