

# NUMBER 13-20-00432-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MICKEY BOSWELL,**                                                                           **Appellant,**

**v.**

**TOMMY WEST, ET AL.,**                                                                        **Appellees.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Mickey Boswell, a Texas prison inmate, appeals the trial court's judgment dismissing his suit against appellees Tommy West, J. Garcia, and John/Jane Doe, correctional officers employed by the Texas Correctional Institutions Division. In two issues, which we reorder, Boswell argues the trial court erred in: (1) dismissing his suit

pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code; and (2) failing to state in its final judgment how his suit failed to comply with Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. We affirm.

## I. BACKGROUND

Boswell, an inmate at the McConnell Unit in Beeville, Texas, filed this action pro se and *in forma pauperis* under Texas Civil Practice and Remedies Code Chapter 14. *See id.* In his petition, Boswell alleges that West intentionally injured his wrist while handcuffing him and that Garcia and John/Jane Doe destroyed a grievance related to this incident. Boswell brings § 1983 claims for excessive force and denial of access to courts. *See* 42 U.S.C. § 1983. Boswell further seeks declaratory and injunctive relief. Boswell attached a copy of his prison grievances to his petition.

The Texas Office of the Attorney General (OAG) filed an amicus curiae advisory urging the trial court to dismiss Boswell's suit. The OAG contended that Boswell's suit did not comply with Chapter 14 because: it was untimely; he failed to exhaust his administrative remedies; he failed to completely provide the operative facts for his previous inmate suits; and his claims were frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a)(2), 14.004(a)(2)(3), 14.005. Boswell filed a response to the OAG's advisory. Without holding a hearing, the trial court signed a final judgment dismissing Boswell's suit "for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." Boswell now appeals.

## II. Dismissal

In hist first issue, Boswell argues that the trial court erred in dismissing his suit.

## A. Standard of Review & Applicable Law

To control frivolous, malicious, and excessive inmate litigation, the legislature enacted Chapter 14 of the civil practice and remedies code. *See id.* §§ 14.001–.014; *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). Chapter 14 governs inmate litigation in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002.

If, as in this case, the trial court dismisses a claim without conducting a hearing, we are limited to reviewing whether the claim has an arguable basis in law. *Smith v. Tex. Dep't of Crim. Just.–Inst. Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). A claim does not have an arguable basis in law if it is based on a meritless legal theory or if the inmate failed to exhaust his administrative remedies. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). "[W]hether a claim has an arguable basis in law is a legal question that we review de novo." *Pechacek*, 319 S.W.3d at 809.

Section 14.005, concerning the exhaustion of administrative remedies provides in pertinent part:

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision

3

> described by Section 501.008(d), Government Code, was received by the inmate; and

>> (2)  a copy of the written decision from the grievance system.

> (b)  A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)-(b). A suit that is not timely filed pursuant to § 14.005(b) is barred and may be dismissed with prejudice. *Lewis v. Johnson*, 97 S.W.3d 885, 888 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

## B.    Analysis

Boswell filed multiple grievances regarding West's alleged use of excessive force and the alleged destruction of an earlier grievance. The latest of those grievances was returned to Boswell on June 3, 2019. Yet, Boswell did not file suit until June 12, 2020, far past Boswell's thirty-one-day filing deadline. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Accordingly, Boswell's suit lacks an arguable basis in law, and the trial court did not err in dismissing the suit. *See Pechacek*, 319 S.W.3d at 809. We overrule Boswell's first issue.

### III.    REASONS FOR DISMISSAL

In his second issue, Boswell argues that the trial court erred because its judgment "does not give the reason why the suit did not comply with Chapter 14." Boswell cites no authority, and we have found none, to support his argument that a trial court commits reversible error by failing to state the reasons for dismissal. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with

4

appropriate citations to authorities. . . ."). To the contrary, when a trial court does not specify the grounds for granting a dispositive motion, we will affirm the trial court's decision if it is supported by any meritorious legal ground. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *McClain v. Terry*, 320 S.W.3d 394, 398 (Tex. App.—El Paso 2010, no pet.); *Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied). We deny Boswell's second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
24th day of March, 2022.

5