ACCEPTED
06-14-00065-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/22/2015 2:59:25 PM
DEBBIE AUTREY
CLERK

No. 06-14-00065-CV.

IN THE COURT OF APPEALS
FOR THE SIXTH JUDICIAL DISTRICT OF TEXAS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/27/2015 8:25:00 AM
DEBBIE AUTREY
Clerk

JULIO PEREZ, JR.,
Appellant,

v.

BRAD LIVINGSTON, SANTANA COOK, SHERRI DAVIS,
AND JAMES WESTON
DEFENDANTS / Appellees.

On Appeal from the 5TH JUDICIAL DISTRICT COURT
BOWIE COUNTY, TEXAS, HONORABLE JUDGE RALPH BURGESS
Trial Court Cause No. 13C1819005

**APPELLEES' BRIEF**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney
General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

KAREN MATLOCK
Chief-Law Enforcement Defense
Division

JERRY S. BERGMAN
Assistant Attorney General
State Bar No. 24081694
P.O. Box 12548
Austin, Texas   78711
[Tel.] (512) 463-2080
[Fax] (512) 495-9139

Attorneys for Appellees

*No Oral Argument Requested

i

**IDENTITIES OF PARTIES AND COUNSEL**

**Appellant**
JULIO PEREZ, JR., TDCJ No.852734
TDCJ-TELFORD UNIT
3899 STATE HIGHWAY 98
NEW BOSTON, TX 75570
Appellant *Pro Se*

**Defendants / Appellees**
BRAD LIVINGSTON
P.O. BOX 99
Huntsville, TX 77342

SANTANA COOK
TDCJ-TELFORD Unit
3899 STATE HIGHWAY 98
NEW BOSTON, TX 75570

SHERRI DAVIS
TDCJ-TELFORD Unit
3899 STATE HIGHWAY 98
NEW BOSTON, TX 75570

JAMES WESTON
TDCJ-TELFORD Unit
3899 STATE HIGHWAY 98
NEW BOSTON, TX 75570

**Attorney for Appellees' Livingston, Cook, Davis and Weston**
Jerry S. Bergman-Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Wm. P. Clements, 7th Floor
Austin, Texas 78711-2548
Phone: 512-463-2080
Fax: 495-9139
Jerry.Bergman@texasattorneygeneral.gov

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL................................................................. ii

TABLE OF CONTENTS.......................................................................................... iii

INDEX OF AUTHORITIES ...................................................................................... iv

STATEMENT OF THE CASE.................................................................................... 1

ISSUES PRESENTED............................................................................................... 3

The sole issue to be decided is whether the trial court abused its discretion in dismissing Appellant's suit as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice & Remedies Code. .................................... 3

STATEMENT OF FACTS ......................................................................................... 3

SUMMARY OF THE ARGUMENT ........................................................................... 3

ARGUMENT ........................................................................................................... 4

1) The trial court did not abuse its discretion in dismissing Appellant's suit for failure to comply with Chapter 14. ...... 4

    (a)    Standard of review.................................................................... 4

    (b)    The trial court did not abuse its discretion because Appellant failed to file his claim before the 31st day after the date on which the inmate received a written response from the grievance system. ................................................................................................ 5

    (c)    The trial court did not abuse its discretion in dismissing Appellant's suit pursuant to section 14.003, because Appellant made a false allegation of poverty. ................................................... 7

    (d)    The trial court did not abuse its discretion because Appellant's claims had no arguable basis in law and were properly dismissed pursuant to section 14.003. .................................................. 10

        i)    The trial court did not abuse its discretion dismissing Appellant's suit because his tort claim was barred by *Franka*........ 12

        ii)    The trial court did not abuse its discretion because Appellant's tort claim of gross negligence had no arguable basis in law. ................................................................................................ 13

        iii)    The trial court did not abuse its discretion because Appellant's failure to protect claim had no arguable basis in law.    15

CONCLUSION AND PRAYER ................................................................................. 18

NOTICE OF ELECTRONIC FILING ........................................................................ 19

CERTIFICATE OF COMPLIANCE ........................................................................... 20

CERTIFICATE OF SERVICE.................................................................................... 21

# INDEX OF AUTHORITIES

**CASES**

*Adams v. Perez*,
  331 F3d 508 (5th Cir. 2003)................................. 22
*Burnett v. Sharp*,
  328 S.W.3d 594(Tex. App.—Houston [14th Dist.] 2010, no pet.). 17
*Carr v. Brasher*,
  776 S.W.2d 567(Tex. 1989)).................................. 11
*Charchere v. Salinas*,
  No. 13-97-036-CV, 1998 WL 35276221 at *1.................... 23
*Craddock v. Sunshine Bus Lines*,
  133 S.W.2d 124 (Tex. 1939)............................... 10, 13
*Domino v. Texas Dep't of Criminal Justice*,
  239 F3d 752 (5th Cir. 2001);................................ 23
*Donaldson v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*,
  355 S.W.3d 722 (Tex. App.—Tyler 2011, pet. denied........... 15
*Evans v. Tex. Dep't of Crim. Justice-Inst'l Div.*,
  No. 01-07-00847, 2008 WL 2548986 at *4..................... 21
*Farmer v. Brennan*,
  511 U.S. 825 (1994)............................... 22, 23, 24
*Hickson v. Moya*,
  926 S.W.2d 397 (Tex. App.—Waco 1996, no writ).............. 10
*La.-Pac. Corp. v. Andrade*,
  19 S.W.3d 245 (Tex.1999);.................................. 20
*Leachman v. Dretke*,
  261 S.W.3d 911 (Tex. App.—Amarillo 2009,  no pet.)......... 21
*Lee Lewis Constr., Inc. v. Harrison*,
  70 S.W.3d 778 (Tex.2001)............................... 19, 20
*Lewis v. Johnson*,
  97 S.W.3d 885 (Tex. App.—Corpus Christi 2003, no pet.)...... 13
*Lopez v. Serna*,
  414 S.W.3d 890 (Tex. App.—San Antonio 2013, no pet)........ 19
*McClain v. Terry*,
  320 S.W.3d 394 (Tex. App.—El Paso 2010, no pet.);....... 14, 15
*Mendoza v. Livingston*,
  No. 09-12-00594-CV, 2014 WL 670119 at 3-4 (mem. op)........ 15
*Mobil Oil Corp. v. Ellender*,
  968 S.W.2d 917 (Tex.1998).................................. 19
*Moncada v. Brown*,
  202 S.W.3d 794 (Tex. App. –San Antonio 2006, no pet.);..... 21

*Neals v. Norwood*,
  59 F.3d 530 (5th Cir.1995); ............................. 22, 23
*Reeves v. Collins*,
  27 F.3d 174 (5th Cir. 1994). ............................... 23
*Smithson v. Cessna Aircraft Co.*,
  665 S.W.2d 439 (Tex. 1984); ............................ 10, 12
*Terry v. Garcia*,
  800 S.W.2d 854, (Tex. App.-San Antonio 1990, writ denied). .. 20
*Thompson v. Upshur County, TX*,
  245 F.3d 447 (5th Cir. 2001). .............................. 23
*Vega* v. *Tex. Dep't of Criminal Justice-Corr. Insts. Div.*,
  No. 12-10-00149-CV, 2011 WL 3273256 at 3 ................... 14
*Walker v. Gonzales County Sheriff's Dep't.*,
  35 S.W.3d 157 (Tex. App.—Corpus Christi 2000, pet. denied 11, 16
*Wolfe v. C.S.P.H., Inc.*,
  24 S.W.3d 641 (Tex. App.—Dallas 2000, no pet.) ......... 15, 18

**STATUTES**

Chapter 14 of the Texas Civil Practice & Remedies Code...... 8, 9
TEX. CIV. PRAC. & REM. CODE § 14.002. ............................ 10
TEX. CIV. PRAC. & REM. CODE § 14.003(a)(1). ...................... 13
TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2 .................... 21, 24
TEX. CIV. PRAC. & REM. CODE § 14.003(a). ......................... 16
TEX. CIV. PRAC. & REM. CODE § 14.005(a) .......................... 13
TEX. CIV. PRAC. & REM. CODE § 14.005(b). ......................... 11
Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11)................. 20
TEX. CIV. PRAC. & REM. CODE, sections 14.001 ..................... 10
TEX. R. APP. P. 38.1(h) ...................................... 15, 17
TEX. R. CIV. P. 145 (a) .......................................... 14

No. 06-14-00065-CV.

IN THE COURT OF APPEALS
FOR THE SIXTH JUDICIAL DISTRICT OF TEXAS
TEXARKANA, TEXAS

JULIO PEREZ, JR.,
Appellant,

v.

BRAD LIVINGSTON, SANTANA COOK, SHERRI DAVIS,
AND JAMES WESTON
DEFENDANTS / Appellees.

**APPELLEES' BRIEF**

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

Appellees' Brad Livingston, Santana Cook, Sherri Davis and James Weston submit this brief in support of the trial court's judgment dismissing this case. Appellees' respectfully offer the following:

**STATEMENT OF THE CASE**

Julio Perez, Jr., Appellant *pro se* in the above- styled cause, is an inmate currently housed in the Telford Unit of the Texas Department of Criminal Justice ("TDCJ") in New Boston, Texas.

1

On November 26, 2013, Appellant filed his Original Petition, naming Brad Livingston (TDCJ), Santana Cook, Sherri Davis, and James Weston, as Defendants in this matter in their individual and official capacities. C.R. at 9. Appellant alleged that Appellees were grossly negligent when they failed to protect him from another inmate, in violation of his Eighth Amendment rights. C.R. at 6-7. Appellant sought compensatory damages. C.R. at 9.

On May 12, 2014, Appellees filed their original answer and jury demand. C.R. at 28. Contemporaneously, Appellees filed a motion to dismiss, identifying the defects in Appellant's pleadings and urging the court to dismiss the suit pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code. C.R. at 33.

On July 2, 2014, the trial court signed the final judgment, dismissing Appellant's suit as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice & Remedies Code. C.R. at 74. Appellant filed his notice of appeal with the trial court on July 23, 2014. C.R. at 76.

2

**ISSUES PRESENTED**

The sole issue to be decided is whether the trial court abused its discretion in dismissing Appellant's suit as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice & Remedies Code.

**STATEMENT OF FACTS**

Appellant alleges that on June 21, 2013, another inmate damaged his personal letters and "dashed" him with a concoction of feces and urine. C.R. at 6. Appellant further alleges that Appellees' Cook, Davis and Weston were grossly negligent because they failed to protect him from another inmate, in violation of his Eighth Amendment rights. C.R. at 6-7.

On June 24, 2013, Appellant filed his Step 1 grievance number 2013167969. C.R. at 14-15. On August 1, 2013, Appellant filed his Step 2 grievance number 2013167969. C.R. at 16-17. On November 25, 2013, Appellant's mail was postmarked for delivery. C.R. at 72. On November 26, 2013, Appellant's original petition was filed. C.R. at 4.

**SUMMARY OF THE ARGUMENT**

The record supports the trial court's judgment in dismissing Appellant's suit pursuant to Chapter 14 of the

3

Texas Civil Practice & Remedies Code. The trial court did not abuse its discretion and the dismissal should be affirmed.

**ARGUMENT**

**1)  The trial court did not abuse its discretion in dismissing Appellant's suit for failure to comply with Chapter 14.**

Appellant is an inmate who preceded *pro se* and filed a declaration of inability to pay costs. C.R. at 23. Chapter 14, therefore, governed the suit in the trial court. TEX. CIV. PRAC. & REM. CODE § 14.002.

**(a)  Standard of review**

Appellant's suit was properly dismissed for failure to comply with the mandatory requirements of Chapter 14. TEX. CIV. PRAC. & REM. CODE, sections 14.001, *et. seq.* In Appellant's brief he argues that he timely filed his original petition.

An appellate court should review the dismissal of a suit pursuant to Chapter 14 for an abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). An abuse of discretion is found where a court acts without reference to guiding principles. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). Because the trial court did not specify the grounds for dismissal, C.R. at 73-

4

74, the appellate court should affirm the decision if any theory is meritorious. *Walker v. Gonzales County Sheriff's Dep't.*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied)(citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

> **(b)** **The trial court did not abuse its discretion because Appellant failed to file his claim before the 31st day after the date on which the inmate received a written response from the grievance system.**

Section 14.005(b) states that "[a] Court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE § 14.005(b). Appellant filed

On June 24, 2013, Appellant filed his Step 1 grievance number 2013167969. C.R. at 14-15. On August 1, 2013, Appellant filed his Step 2 grievance number 2013167969. C.R. at 16-17. On November 25, 2013, Appellant placed his original petition in the mail. C.R. at 72. On November 26, 2013, Appellant's original petition was filed. C.R. at 4.

An inmate's 31-day deadline begins on the date he receives the Step Two response back from the grievance investigator. TEX. CIV. PRAC. & REM. CODE § 14.005(b). In its

5

decision to dismiss Appellant's suit, the trial court examined Appellant's claims under the guiding principles of Chapter 14 by determining the date Appellant received his step 2 response, the required filing date under section 14.005(b), the date that Appellant mailed his petition and the date that Appellant's petition was filed. C.R. at 72.

The trial court explained that Appellant could have received his step 2 response either on October 9, 2013, based on the last date of the step 2 grievance, C.R. at 17, or Appellant could have received his step 2 response on October 23, 2013, based on Appellant's unsworn declaration. C.R. at 11. Next, the trial court stated that Appellant's petition was filed on November 26, 2013; however, the trial court would consider November 25, 2013, the date Appellant placed his petition in the mail, as the date upon which time began to run. C.R. at 72. Thus, the time period the trial court looked at was from October 23, 2013 to November 25, 2013. As such, the trial court determined that Appellant still did not meet the requirement set forth in § 14.005(b). *Id*.

In making its decision the trial court followed the guiding principles of Chapter 14. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *Craddock v. Sunshine*

6

*Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). The provision of section 14.005(b) is mandatory and requires a trial court to dismiss an inmate's claim for failure to comply with the deadline. TEX. CIV. PRAC. & REM. CODE § 14.005(a); *see also Lewis v. Johnson*, 97 S.W.3d 885, 887–88 (Tex. App.—Corpus Christi 2003, no pet.) (recognizing the mandatory language in section 14.005(b)).

Because Appellant failed to file his claim before the 31st day after the date he received the written decision to his Step Two grievance, the trial court did not abuse its discretion in dismissing Appellant's suit as untimely.

**(c) The trial court did not abuse its discretion in dismissing Appellant's suit pursuant to section 14.003, because Appellant made a false allegation of poverty.**

In Appellees' motion to dismiss, they argued that Section 14.003 states that a "court may dismiss a claim, either before or after service of process, if the court finds that . . . the allegation of poverty in the affidavit or unsworn declaration is false." TEX. CIV. PRAC. & REM. CODE § 14.003(a)(1).

Texas Rule of Civil Procedure 145 defines a "party who is unable to afford costs" as a person who either (1)

7

presently receives governmental entitlement based on indigency, or (2) "any other person who has *no ability* to pay costs." TEX. R. CIV. P. 145 (a). The courts have held: "An inmate who has funds in his trust account is not indigent." *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.); *Vega* v. *Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, No. 12-10-00149-CV, 2011 WL 3273256 at 3. "Generally, the test for determining entitlement to proceed *in forma pauperis* is whether the preponderance of the evidence shows that the [plaintiff] would be unable to pay the costs of his suit *if he wanted to* and *made a good faith effort* to do so. *Vega*, 2011 WL 3273256 at 3. In other words, the *in forma pauperis* regime in Texas looks to an inmate's subjective good faith effort to pay his court costs, and the court does not abuse its discretion in dismissing a suit where it finds the allegation of poverty to be false. *Id*.

In his brief, Appellant did not offer any argument that his allegation of poverty was not false. *See generally Appellant's Brief*. Appellant has therefore waived this issue. The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or to provide authorities and record citations, waives any error on appeal.

8

See TEX. R. APP. P. 38.1(h) (brief must contain clear and concise argument for contentions with appropriate citations to authorities and record); *Wolfe v. C.S.P.H., Inc.*, 24 S.W.3d 641, 646-47 (Tex. App.—Dallas 2000, no pet.)(appellant waives issues if he fails to support contentions with appropriate authority).

In any event, Appellant's unsworn declaration of poverty was false. Appellant filed an unsworn declaration stating he is unable to pay the filing fees or any costs incurred thereafter, and filed a certified copy of his inmate trust account. C.R. at 23. Appellant's trust account statement shows that he previously had a high balance of $62.00 from July-October 2013, $92.00 in June 2013, and $42.00 in May 2013. C.R. at 24. There is authority finding if an inmate has funds in his inmate trust account, he is not indigent for Chapter Fourteen purposes, and his allegation of poverty is false. *See McClain v. Terry*, 320 S.W.3d 394 (Tex. App.—El Paso 2010, no pet.); *Donaldson v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, 355 S.W.3d 722 (Tex. App.—Tyler 2011, pet. denied); *Mendoza v. Livingston*, No. 09-12-00594-CV, 2014 WL 670119 at 3-4 (mem. op).

9

Appellant's balance for his trust account over the preceding six (6) months shows that he had a source of income and is not indigent. *McClain*, 320 S.W.3d at 397. Had Appellant "wanted" to make a good faith effort to pay the cost of his suit, he could have done so.

Because the trial court did not specify the grounds for dismissal, C.R. at 73-74, this Court should affirm the decision because Appellant's declaration of poverty was false. *Walker v. Gonzales County Sheriff's Dep't.*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied)(citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). Therefore, the trial court did not abuse its discretion in dismissing Appellant's suit pursuant to section 14.003.

**(d)  The trial court did not abuse its discretion because Appellant's claims had no arguable basis in law and were properly dismissed pursuant to section 14.003.**

In Appellees' motion to dismiss, they argued that Section 14.003 permits a court to dismiss a claim, either before or after service of process, if the court finds the claim frivolous or malicious. TEX. CIV. PRAC. & REM. CODE § 14.003(a). In so finding, the court may rely upon the following statutory factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law; whether it is clear that

10

the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. "A claim has no arguable basis in law if it is [based on] an indisputably meritless legal theory." *Burnett v. Sharp*, 328 S.W.3d 594, 604 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Finally, a court does not abuse its discretion by dismissing an inmate's suit based upon a finding that an inmate failed to state a cause of action for which relief can be granted. Because the trial court followed these statutory guidelines in dismissing Appellant's claims, there was no abuse of discretion.

In his brief, Appellant did not offer any argument that his claims were not frivolous or that they were not based on an indisputably meritless legal theory. *See generally Appellant's Brief*. Appellant has therefore waived this issue. The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or to provide authorities and record citations, waives any error on appeal. See TEX. R. APP. P. 38.1(h) (brief must contain clear and concise argument for contentions with appropriate citations to authorities and record); *Wolfe,* 24 S.W.3d at 646-47. Even

11

if he had briefed the issue, the trial court did not abuse its discretion in concluding that his claims were frivolous as discussed below.

> **i)** **The trial court did not abuse its discretion dismissing Appellant's suit because his tort claim was barred by _Franka_.**

The Texas Supreme Court's interpretation of the Texas Tort Claims Act ("TTCA") forecloses any state tort claim brought by Plaintiff in this case. Tex. Civ. Prac. & Rem. Code at § 101.001 _et seq_; _Franka v. Velasquez,_ 332 S.W.3d 367 (Tex. 2011). In _Franka_, the Texas Supreme Court explained that section 101.106(f) was intended to "foreclose suit against a government employee in his individual capacity." _Franka,_ 332 S.W.3d at 381. The Court reasoned that denying an avenue of recovery for plaintiffs is exactly what the Legislature intended because in waiving governmental immunity for the governmental unit, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." _Id._ at 384. Under the _Franka_ rule, all tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims. _Id._ at 385.

12

Tort claims are subject to the TTCA, as interpreted by *Franka*. *See Lopez v. Serna*, 414 S.W.3d 890, 893-94 (Tex. App.—San Antonio 2013, no pet). Therefore, Appellant's claim of gross negligence was subject to the TTCA, immunity barred suit against TDCJ defendants, and the trial court did not abuse its discretion in dismissing Appellant's suit pursuant to section 14.003.

### ii) <u>The trial court did not abuse its discretion because Appellant's tort claim of gross negligence had no arguable basis in law.</u>

Appellant alleged that Appellees' Cook, Davis and Weston were grossly negligent when they failed to protect him when another inmate destroyed his personal letters and "dashed" him with a concoction of feces and urine. As Appellees' stated in the court below, to successfully allege gross negligence a litigant's claim must consist of two elements: "extreme risk" and "actual awareness." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex.2001); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998). To support a finding of gross negligence, a party must show that, (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential

harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Lee Lewis Constr., Inc.,* 70 S.W.3d at 785 (emphasis added); Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2008). "[I]n other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *La.-Pac. Corp. v. Andrade,* 19 S.W.3d 245, 246–47 (Tex.1999); *accord Terry v. Garcia,* 800 S.W.2d 854, 856 (Tex. App.-San Antonio 1990, writ denied).

Appellant did not plead facts on which a court could infer that there was an "extreme risk" of harm, and that Appellees Cook, Davis and Weston had an "actual awareness" of that harm. Appellant claimed that another inmate damaged some of his property during a "dashing", alleging that Defendants Clark, Davis and Weston, witnessed the incident and were grossly negligent in protecting him. C.R. 6-7. However, pursuant to the Unit Grievance Investigator response to Step 1 Grievance 2013167969, security staff were questioned regarding the alleged "dashing" incident, and all officers stated that "they did not witness offender Moreno dash anything" and Plaintiff provided no evidence to

14

substantiate his claim. C.R. at 15. Appellant was unable to prove that Appellees' Cook, Davis and Weston had "subjective awareness" of an "actual risk", viewed objectively from the officer's standpoints at the time of the incident. *Moncada v. Brown*, 202 S.W.3d 794, 802-03 (Tex. App. –San Antonio 2006, no pet.); *Evans v. Tex. Dep't of Crim. Justice-Inst'l Div.*, No. 01-07-00847, 2008 WL 2548986 at *4. Outside of Appellant's speculative allegations he could not state that there was an "extreme risk" and that Appellees Cook, Davis and Weston knew anything about it.

On this basis, the trial court did not abuse its discretion in dismissing Appellant's gross negligence claim because it had no arguable basis in law. TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2); *see also Leachman v. Dretke*, 261 S.W.3d 911, 913 (Tex. App.—Amarillo 2009, no pet.).

### iii) **The trial court did not abuse its discretion because Appellant's failure to protect claim had no arguable basis in law.**

Appellant alleged that Appellees' Cook, Davis and Weston failed to protect him when another inmate destroyed his personal letters and "dashed" him with a concoction of feces and urine. As Appellees' stated in the court below, to successfully allege failure to protect a litigant's claim

15

must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995); *Adams v. Perez*, 331 F3d 508, 512 (5th Cir. 2003). Prison officials are not liable for failure to protect if (1) "they were unaware of even an obvious risk to inmate health or safety," (2) "they did not know of the underlying facts indicating a sufficiently substantial danger," (3) "they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety . . . [and] responded reasonably to the danger, even if the harm was not ultimately averted." *Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994).

To prove the deliberate indifference element of failure to protect requires a showing of "subjective recklessness" as used in criminal law; under this standard, the prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835-38; *see also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir.

16

1994). Deliberate indifference is an extremely high standard to meet; it "cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious harm." *Domino v. Texas Dep't of Criminal Justice*, 239 F3d 752, 756 (5th Cir. 2001); *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001).

Appellant did not plead facts on which a court could infer that Appellant was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals*, 59 F.3d at 533; *Adams*, 331 F3d at 512. Prison officials are not expected to prevent all inmate-on-inmate violence. *Adames*, 331 F.3d at 512. Prison officials are not liable for failure to protect if "they were unaware of even an obvious risk to inmate health or safety," *Farmer* 511 U.S. at 844-45. Furthermore, where the attack is "sudden and unexpected", as is the case here, there is no evidence to support a finding of failure to protect. *Charchere v. Salinas*, No. 13-97-036-CV, 1998 WL 35276221 at *1.

Appellant asserted that the alleged "dashing" incident was witnessed by Defendants Cook, Davis and Weston; however, pursuant to the UGI response, they stated that they "did not

17

witness offender Moreno dash anything". C.R. at 15. In other words, they were unaware of an obvious risk to inmate health or safety. *Farmer*, 511 U.S. at 844-45. Appellant could not support his speculative allegations with any evidence that proves Appellees Cook, Davis and Weston had any knowledge that Appellant was going to be "dashed", or that he had been "dashed"; therefore, they could not possibly have inferred that he was at substantial risk of harm.

Accordingly, the trial court did not abuse its discretion in dismissing Appellant's failure to protect claim because it had no arguable basis in law. TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2)

## CONCLUSION AND PRAYER

The trial court acted with reference to guiding law and principles as discussed above. The trial court's dismissal pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code was not an abuse of discretion. Appellees pray that this Honorable Court affirm the final judgment issued in the court below.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

18

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for
Civil Litigation

**KAREN D. MATLOCK**
Chief, Law Enforcement Defense
Division

/s/ JERRY S. BERGMAN
**JERRY S. BERGMAN**
Assistant Attorney General
State Bar No.24081694

Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / Fax No. (512)
495-9139

**Attorneys for Appellees**


## NOTICE OF ELECTRONIC FILING

I, **JERRY S. BERGMAN**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a copy of the foregoing in accordance with the electronic filing system for the Sixth Court of Appeals on January 22, 2015.


/s/ JERRY S. BERGMAN
**JERRY S. BERGMAN**
Assistant Attorney General

19

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 4,729 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ JERRY S. BERGMAN
**JERRY S. BERGMAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record by placing it in the United States Mail, postage prepaid, addressed to:

Julio Perez, TDCJ No. 852734
TDCJ – Barry S. Telford Unit
3899 State Highway 98
New Boston, TX 75570
**Plaintiff *Pro Se***

/s/ JERRY S. BERGMAN
**JERRY S. BERGMAN**
Assistant Attorney General

21